IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THAO NGUYEN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 05-3021 |
| DONALD MONICA, et al. | : | |

**ADJUDICATION**

Ludwig, J. September 26 , 2006

This is a de novo review of the denial by the United States Bureau of Citizenship and Immigration Services of plaintiff Thao Nguyen's petition for naturalization. 8 U.S.C. § 1421(c).[1] The petition will be denied.

On September 9, 2003, following an in-person examination on July 16, 2003, the CIS denied plaintiff's naturalization application. On October 6, 2003, plaintiff requested a hearing, which was held on May 11, 2004. On February 28, 2005, CIS affirmed its decision to deny plaintiff's application.

On June 23, 2005, plaintiff filed this petition for review, and on March 15, 2006, a hearing was held. By statute, the review is de novo, including findings of fact and conclusions of law. The denial by CIS of the naturalization application was based on its conclusion that plaintiff, under the Naturalization Act, was not a person of "good moral

---

[1] A person whose application for naturalization under this sub-chapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

character" as required by 8 U.S.C. § 1427(a)(3).  The factual predicate for that decision was a conviction on June 26, 2002 for driving under the influence of alcohol and for driving with a child age 4-16 without a seatbelt.[2]

**Findings of Fact**[3]

On December 3, 1987, Thao Dinh Nguyen, born February 17, 1969 in Vietnam, became a lawful permanent resident of the United States.  On September 24, 2001, he was arrested in Delaware at 1:11 a.m. and charged with (1) driving under the influence of alcohol; (2) driving with a child aged 4-16 without a seatbelt;[4] (3) aggressive driving; (4) failure to signal lane change; (5) speeding; and (6) failure to remain in lane.  At the time of the arrest, plaintiff was traveling 71 miles per hour in a 45-mile per hour speed zone, and his blood alcohol level was .124.  State of Delaware Police Report, Defendant's Exhibit 4; N.T., at 25. On June 26, 2002, plaintiff pleaded guilty to the charge of driving under the influence of alcohol and driving without a seatbelt for a child age 4-16.  He was sentenced to probation and payment of costs, an evaluation for substance abuse, and completion a DUI program. On July 30, 2002, plaintiff paid his costs in full and on January 14, 2003, was released from

---

[2] Citations to the relevant sections of the Delaware Motor Vehicle Code and/or the Delaware Criminal Code were not provided.

[3] The Findings of Fact were taken from the parties' Joint Pretrial Stipulation, the contents of which were entered into the record and substantially confirmed by plaintiff at the hearing.

[4] Plaintiff's then 6-year-old son was riding in the front seat of the car with him.

probation.[5]

On May 9, 2002, plaintiff filed an N–400 Application for Naturalization. The application did not refer to plaintiff's DUI conviction, or his arrests for gambling or making terroristic threats. Application for Naturalization, Defendant's Exhibit 1, ¶¶ 16-20; N.T., at 11. Plaintiff testified that he did not understand the questions relating to arrests at the time he filled out the application. At his naturalization interview on July 16, 2003, he did admit his previous arrests and his DUI conviction to the immigration officer. N.T. at 10-12.

**Legal Analysis**

"No person, except as otherwise provided in this subchapter, shall be naturalized unless such applicant, (1) . . . has resided continuously, after being lawfully admitted for permanent residence, within the United States for five years . . ., (2) has resided continuously in the United States from the date of the application up to the time of admission to citizenship, and (3) during all the periods referred to in this subsection has been and still is a person of good moral character." 8 U.S.C. § 1427(a). It is undisputed that plaintiff satisfies the first two requirements; the issue is whether he is, and was, during the statutory

---

[5] Plaintiff has had other legal problems. On April 27, 1994, he was arrested in Sacramento, California for illegal gambling; the charges were dropped. From 1995 through 1998, also in Sacramento, plaintiff was subject to certain tax liens related to his business activities. The liens have been fully satisfied. On September 16, 1999, plaintiff was arrested by the Delaware State Police and charged with making terroristic threats and endangering the welfare of a child. Affidavit of Probable Cause, Defendant's Exhibit 2; Testimony of Thao Nguyen, at 14-16. These charges were dismissed when Lynne Nguyen, plaintiff's ex-girlfriend and the mother of his child, failed to appear for the hearing. Failure to Appear Order, Defendant's Exhibit 3.

period, "of good moral character."[6]  An applicant will be found not to be of good moral character if, during the statutory period, he was:

(1) a habitual drunkard;

(2) a person illegally connected with prostitution, who helps to smuggle aliens, or is a previously removed alien;

(3) convicted of, or admits committing, crimes listed in 8 U.S.C. § 1182(A)-(C);

(4) a person whose income is derived principally from illegal gambling;

(5) a person convicted of two or more gambling offenses during the statutory period;

(6) a person who gave false testimony to obtain benefits under the INA;

(7) a person confined to a penal institution for 180 days or more by any conviction, even if the offense did not occur within the statutory period;

(8) a person convicted of an aggravated felony, as defined by 8 U.S.C. § 1101(a)(43), at any time.

8 U.S.C. § 1101(f).  Federal regulations also describe conduct, engaging in which will automatically render an applicant not of good moral character.  See 8 C.F.R. § 316.10.  Neither of these lists is exhaustive, and "[g]ood character evaluations are made on a case-by-case basis, taking into account the enumerated elements and the standards of the average citizen in the community of residence." Le v. Elwood, 2003 WL 21250632, at *2 (E.D. Pa. 2003).

---

[6] The statutory period is five years.  8 U.S.C. § 1427(a)(3).

In <u>Le</u>, petitioner's two convictions for driving under the influence of alcohol, standing alone, did not provide a sufficient basis to find petition not of good moral character. However, added to the convictions was a finding that petitioner exhibited a lack of testimonial candor during the naturalization process. <u>Id.</u> at *3. Here, too, a single conviction for driving under the influence would no doubt be insufficient to derail petitioner's naturalization application. But, as in <u>Le</u>, aggravating circumstances exist - petitioner was convicted not only of driving under the influence, but of driving with a child without a seatbelt. Additionally, petitioner was arrested within the statutory period for making terroristic threats against the child's mother. These facts were not disclosed on his application.[7]

**Conclusions of Law**

1. This court has jurisdiction over plaintiff's petition for review of the denial of his naturalization application.

2. By statute, the review is de novo, and plaintiff has the evidentiary burden to show that during the five years preceding the application, he was a person of good moral character.

3. Plaintiff did not meet that burden because, in addition to the conviction for driving under the influence of alcohol, he was convicted of driving with a young child without a

---

[7] Petitioner testified that he did not disclose this information on the application because he did not understand the application. N.T., at 10-12. However, an applicant for naturalization must demonstrate "an understanding of the English language, including the ability to read, write, and speak words in ordinary usage in the English language." 8 U.S.C. § 1423(a)(1). Whether as a result of lack of candor or inability to understand English, petitioner's failure to disclose information relating to his arrests negatively affects his application.

seatbelt, was arrested during the statutory period for threatening the mother of his child, and failed to disclose these incidents on his application for naturalization.

4. The petition for review will be, and hereby is, denied without prejudice to a new application five years after the June 2002 conviction.

BY THE COURT:


   S/s Edmund v. Ludwig, Jr.
Edmund V. Ludwig, J.